WESTON CRANMER, AN INFANT, BY EMILY CRANMER, HIS NEXT FRIEND; RICHARD CROSTA. AN INFANT, BY AMOS CROSTA, HIS NEXT FRIEND; AND EMILY CRANMER, AS ADMINISTRATRIX OF THE ESTATE OF LEON CRANMER, DECEASED, v. GRANT CONSTRUCTION COMPANY, A NEW JERSEY CORPORATION, AND CHARLES W. MATHIS, DEFENDANTS.

Decided June 2, 1931.

Before LAWRENCE, Circuit Court judge.

For the rule, *George A. Cella.*

*Contra, David A. Veeder.*

LAWRENCE, C. C. J.   This is an accident case involving
the collision of an automobile owned by the estate of Leon
Cranmer, deceased, and driven at the time by his son, Weston
Cranmer, with a portable cement mixer in the possession and
control of defendant company and alleged to have been negli-
gently left by its employes partly in the highway without
proper lights to indicate its presence.   The accident occurred
after dark and resulted in the breaking of the automobile,
for which the plaintiff administratrix sought recovery, and
personal injuries to the other plaintiffs.   The case was tried
at the Ocean Circuit before the court and a jury.   A verdict
was returned in favor of the plaintiff administratrix, as
against which the present rule to show cause was taken out
by the defendant company, pursuant to chapter 356.   *Pamph.
L.* 1931.   The respective claims of Weston Cranmer and
Richard Crosta (a passenger in the automobile) were not
considered at the trial inasmuch as it was stated that such
claims had been adjusted by the defendant company out of
court, while a voluntary nonsuit was had as to the other
defendant, Charles W. Mathis, it appearing that the cement
mixer did not belong to him as charged in the complaint, but
to Charles W. Mathis and Sons, Incorporated.   This concern
also brought suit against the defendant company to recover
for the breaking of the machine in the collision, alleging a
failure to exercise ordinary care in protecting it.   This suit
was tried at the same time and also resulted in a verdict
against the defendant company.   A rule to show cause was
also allowed as to such verdict, and that as well as the present
rule were argued together, the same grounds for new trials
being advanced.   Since the conclusion on the rule in the case
of Charles W. Mathis and Sons, Incorporated, against the
defendant company, to be filed herewith, is regarded as dis-
positive of the rule here considered, it follows that it must
be discharged.